UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. JOHNSON,

                Plaintiff,         Civil Action No. 13-15221
                                        Honorable Terrence G. Berg
                                        Magistrate Judge David R. Grand

v.

INT'L UNION (UAW) AFL-CIO
and DELPHI WORLD HEADQUARTERS,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT INTERNATIONAL UNION'S MOTION FOR MORE DEFINITE STATEMENT AND/OR DISMISSAL [17]**

      Before the Court is the Motion for More Definite Statement and/or Dismissal filed by Defendant International Union (UAW) ("UAW") on February 14, 2014. (Doc. #17). *Pro se* Plaintiff Debra Johnson ("Johnson") filed a response to this motion on February 27, 2014 (Doc. #19), and the UAW filed a reply brief on March 5, 2014 (Doc. #21).

      On January 9, 2014, this case was referred by the Hon. Terrence G. Berg to the undersigned for all pretrial purposes. (Doc. #9). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

**A.      Background**

      On December 23, 2013, Johnson filed a "Complaint of Employment Discrimination" against the UAW and "Delphi World Headquarters" pursuant to Title VII of the Civil Rights Act of 1964.[1] (Doc. #1). On December 27, 2013, Johnson filed an "Amended Complaint" against

---

[1] On February 12, 2014, the Court docketed a letter that was apparently sent to Johnson by Delphi Automotive Systems, LLC ("Delphi"). (Doc. #16). Delphi advised Johnson that it was in receipt of her complaint, but that it was not accepting service of it because "there is no entity

these entities. (Doc. #6). On February 14, 2014, the UAW timely filed the instant motion, requesting that Johnson's complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, that Johnson be required to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).[2] (Doc. #17).

It appears from the pleadings that Johnson formerly was employed by General Motors ("GM") at its Flint, Michigan plant. Johnson asserts that on March 11, 2009, she was unlawfully terminated by GM. (Doc. #1 at 9). Apparently, Johnson filed a grievance challenging her termination pursuant to the applicable collective bargaining agreement. According to the UAW, on October 20, 2011, the UAW and GM reached an agreement to settle Johnson's discharge grievance. (Doc. #17 at 9). The UAW indicates that GM agreed to reinstate Johnson under a last chance agreement and to pay her $5000.[3] (*Id.*). The UAW states that it informed Johnson of

---

known as 'Delphi World Headquarters,'" the named defendant. (*Id.*). Moreover, it advised her that she had been "employed by the entity <u>formerly</u> known as Delphi Corporation, now known as DPH Holdings Corp., until January 2009…[and that she was] never employed by the entity currently known as Delphi, which did not exist prior to October 2009. Accordingly, in light of the facts and the claims in our Complaint, it appears that the Defendant you have sued is DPH Holdings Corp. Delphi does not accept service of process for DPH Holdings Corp." (*Id.*) (emphasis in original). It then advised her to serve DPH Holdings Corp.'s registered agent, and provided its address. (*Id.*). Johnson does not contest any of this, and in a parallel action, Johnson has brought suit against General Motors, her former employer. *See* 13-15522. Thus, the Court determines that Delphi World Headquarters is not a proper defendant and should be dismissed.

[2] Because the Court recommends dismissal of Johnson's complaint pursuant to Fed. R. Civ. P. 12(b)(6), it need not address the merits of the UAW's motion for more definite statement.

[3] It is not clear whether Johnson is disputing this fact and, if so, on what basis. In her response to the UAW's motion, she asserts, "*Therefore plaintiff is not aware of any settlement agreement to reinstate under a last chance agreement and to be paid $5,000 specifically because this type offer would than constitute tortuous conducts in attempts whether (directly, indirectly, explicitly, or implicitly) to persuade or entice plaintiff to take certain courses of unlawful actions, or active inducements to commit an act prohibited by Title VII and/or willfully obstruct or prevent plaintiff from complying with person with disability civil rights act??*" (Doc. #19 at 6) (emphasis in original). Although Johnson's statement is somewhat difficult to decipher, the dispute over this issue – to the extent there is one – is not relevant to the Court's analysis.

this agreement by certified mail on October 21, 2011, and again on November 3, 2011. (*Id.*). GM also sent Johnson a notice advising her to return to work on November 15, 2011; when she did not, she was subsequently terminated (again) on December 6, 2011 for failing to return to work. (*Id.* at 10).

On November 17, 2011,[4] Johnson apparently filed an appeal under Article 33 of the UAW Constitution, challenging the settlement reached by the UAW with GM on her behalf. (*Id.*). According to the UAW, the last representation-related contact between the UAW and Johnson was on November 19, 2012, when the UAW President mailed Johnson a letter notifying her that her appeal to the International Executive Board was denied.[5] (*Id.* at 10, Ex. A).

**B.     The Applicable Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

---

[4] In its motion, the UAW asserts that Johnson filed this appeal on "November 17, 1022." (Doc. #17 at 9). Obviously this is a typo. Because the Court presumes it would take more than two days for the UAW International Executive Board to deny this appeal (on November 19, 2012), the Court assumes that the correct date of filing is November 17, 2011. Even if the appeal was filed on November 17, 2012, however, the Court's analysis would not change.

[5] Johnson appears to concede that the grievance process related to her termination ended as early as September 13, 2012. (Doc. #19 at 4) ("… Official bargaining unit defendant (UAW) contractually administered FINAL services rendered on (9-13-12) derived from collective bargaining arena. Thereby of which (9/13/12) was affirmatively plaintiff FINAL formal contact with the defendant (UAW) as the Official bargaining unit while under terms of exclusive grievance-procedure, in violation of negotiated arbitrary-process, & before expiration of bargained contract of employment."). For purposes of the instant motion, however, the Court will assume that the later date – November 19, 2012 – was the UAW's last representation-related contact with Johnson.

3

*Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

4

**C.     Analysis**

In its motion, the UAW argues that Johnson's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "[e]ven reading the Complaint and Amended Complaint liberally and interpret[ing] the pleadings to raise the strongest arguments that they suggest, there are no possible claims against the Defendant UAW that are not time-barred."  (Doc. #17 at 12). After reviewing the facts set forth in Johnson's pleadings, the Court agrees.

From a liberal reading of Johnson's complaint and amended complaint, it appears that Johnson is alleging that the UAW discriminated against her on the basis of disability.[6]  (Doc. #1 at 2; Doc. #6 at 2).  Indeed, Johnson has, in the past, filed at least one charge of discrimination against the UAW with the Equal Employment Opportunity Commission ("EEOC").  (Doc. #1 at 18).

As a prerequisite to filing suit in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Americans with Disabilities Act ("ADA"), a plaintiff must first file a charge of discrimination with the EEOC and must receive from the EEOC a notice of right to sue.  *See* 42 U.S.C. §2000e-5; 42 U.S.C. §12117(a).  The plaintiff then has <u>90 days</u> from receipt of the right-to-sue letter to bring suit.  *See* 42 U.S.C. §2000e-5(f)(1) ("If a charge filed with the Commission … is dismissed by the Commission …, the Commission shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge …."); *see also* 42 U.S.C. §12117(a).  Case law makes clear that the 90-day filing period acts as a statute of limitations.  *See, e.g., Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) ("Once the administrative agency notifies

---

[6] In her original complaint, Johnson also alleged that it was "possible" she was being discriminated against on the basis of age and color. (Doc. #1 at 2).  In her amended complaint, however, Johnson eliminated these allegations. (Doc. #6 at 2).

the plaintiff of the dismissal of the charge by issuing a right to sue letter, the plaintiff has 90 days to file a civil action."); *Gui v. Inkster Sch. Dists.*, 2013 WL 1282020, at *3 (E.D. Mich. Mar. 27, 2013) ("Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred.").

In this case, Johnson attaches to her complaint the right-to-sue letter issued to her by the EEOC on June 11, 2013. (Doc. #1 at 18). That notice itself clearly and conspicuously advises Johnson that a "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.*) (emphasis in original). Despite this fact, Johnson waited until December 23, 2013 – well more than 90 days after the issuance of the right-to-sue letter – to file the instant lawsuit. Because Johnson failed to file suit within 90 days of receiving her right-to-sue letter, as required by both Title VII and the ADA, her federal discrimination claims against the UAW are time-barred. *Austion*, 244 F. App'x at 648; *Gui*, 2013 WL 1282020, at *3

Johnson argues that her failure to file her lawsuit within the 90-day limitations period should be excused because, on June 24, 2013, she requested reconsideration of the EEOC's determination. (Doc. #19 at 4; Doc. #1 at 17). Although not entirely clear, it appears that Johnson claims she has not yet received a response to this request for reconsideration from the EEOC. (Doc. #1 at 5 ("Thereby, in absence of Judicial Review plaintiff is found to have entitlement rights to review thereof because this action is filed before expiration of the period after there has not yet been no final decision by commission rendered upon receivership of appeal most recently filed on *6-24-13* §1614.407.") (emphasis in original)). Johnson does not cite any case law in support of her argument that the limitations period is tolled by the submission of her request for reconsideration. And, indeed, courts have held that a mere request

6

for reconsideration does not toll the ninety-day limitations period. *See McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227-28 (3d Cir. 1995). The *McCray* court explained:

> To hold otherwise would permit claimants to manipulate the ninety day filing period merely by requesting reconsideration to extend the limitations period. Such a result was not contemplated by Congress given the imposition of the ninety day statute of limitations in the first instance nor is there any support in the EEOC Regulations for tolling the ninety day filing period when the only action is a claimant's request for reconsideration of the EEOC's Determination.

*Id.*; *see also Vollinger v. Merrill Lynch & Co., Inc.*, 198 F. Supp. 2d 433, 440 (S.D.N.Y. 2002); *Gonzalez v. Fedex Co.*, 1996 WL 346968, at *3 (S.D.N.Y. June 24, 1996) ("Plaintiff's request to the EEOC for reconsideration of his original claim does not toll the 90-day period for filing suit. There is no provision in either the Act or the pertinent regulations stating that a request for reconsideration automatically tolls the running of the limitations period …."). Thus, any federal discrimination claims Johnson asserts against the UAW are time barred.

Additionally, to the extent Johnson is asserting claims against the UAW for breach of contract or breach of the duty of fair representation[7] (a so-called "hybrid §301" claim, brought pursuant to 29 U.S.C. §185(a)), it is equally clear that such claims are also time-barred. Case law makes clear that a hybrid §301 claim has a six-month limitations period. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983); *Martin v. Lake Cty. Sewer Co., Inc.*, 269 F.3d 673, 677-78 (6th Cir. 2001).

In this case, Johnson concedes that the grievance process related to her termination ended as early as September 13, 2012. (Doc. #19 at 4 ("Thereby of which (9/13/12) was affirmatively plaintiff FINAL formal contact with the defendant (UAW) as the Official bargaining unit ….")). In that case, the six-month limitations period expired on March 13, 2013. Alternatively,

---

[7] Johnson states: "3rd Cause of Action – (Breach of duties against defendants)" and "4th Cause of Action – Retaliation as an (Breach of contract against defendants)." (Doc. #1 at 8-9).

7

assuming "[t]he last contact related to representation between Johnson and the Defendant UAW was when her appeal was denied by the Defendant UAW International in November of 2012" (Doc. #17 at 13), Johnson would have needed to file a hybrid §301 action before the end of May of 2013.  In either event, because Johnson did not file her complaint until December 23, 2013, her claims for breach of contract and breach of the duty of fair representation are time barred.

**D.**     **Conclusion**

For all of the reasons set forth above, it is clear that Johnson's complaint fails to state a claim against the UAW.  Therefore, **IT IS RECOMMENDED** that the UAW's Motion for More Definite Statement and/or Dismissal **[17]** be **GRANTED** and Johnson's complaint be dismissed in its entirety, with prejudice.


Dated: April 3, 2014                                              s/David R. Grand
Ann Arbor, Michigan                                          DAVID R. GRAND
                                                                              United States Magistrate Judge


**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th

8

Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2014.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager
